## MOORE v. COOK *et al.*

1. Under the provisions of section 4596 of the Civil Code, relating to interference by courts of equity with the regular administration of estates upon application of the representative for construction and direction, and the additional provisions of section 4597, relating to petitions for direction, the court did not err in retaining jurisdiction of this case and in not dismissing the petition. See *Trustees of the University of Ga.* v. *Denmark*, 141 *Ga.* 390 (81 S. E. 238), in which the two sections referred to above are applied.

2. A more particular description of the property involved in the controversy was in no way essential to a determination of the rights of the demurrant.

3. The allegations in the 14th paragraph of the petition, explaining the motives of the mother of the petitioner, the executrix, who is one of the defendants, were irrelevant and immaterial, and on special demurrer should have been stricken; but the court's ruling as to these entirely immaterial allegations is not cause for a reversal.

4. The other special demurrers are without merit.

No. 2244. MAY 13, 1921.

Construction of will. Before Judge Summerall. Coffee superior court. July 31, 1920.

*John Henry Poole,* for plaintiff in error.

*Winfield Payne Jones, McDonald & Willingham,* and *F. Willis Dart,* contra.

BECK, P. J. Edward Moore died in November, 1907, leaving a last will and testament. By the second item of his will he bequeathed for life or her widowhood certain property to his wife, Mary E. Moore, with remainder to Katie C. Moore, if living at the time of the second marriage or death of Mrs. Mary E. Moore, and, if not, to J. E. Moore and Belle Moore. By item 4 of the will testator bequeathed the residue of his estate to the daughter, Katie C. Moore. Item 5 is as follows: " My will is that if my daughter, Katie C. Moore, should die without having (leaving) an heir of her body, that all property I have bequeathed to her shall revert in full title to J. E. Moore and Belle Moore, heirs of my brother, J. S. Moore; and I hereby will that if my daughter Katie C. Moore should die before I do, having (leaving) no heirs of her body, that above bequest to Katie C. Moore shall go to said J. E. Moore and Belle Moore at my death." Katie C. Moore, who had married and become Mrs. Katie C. Cook, filed her equitable petition to the superior court, praying for a construction of the will, in which she sets up the contention that she is individually and in her own right entitled to possession, control, and enjoyment of the property belonging to the testator, except the property devised by item 2 and certain legacies which had been paid, and that she is entitled to the possession, control, and enjoyment of all the property devised in item 4 of the will, and that she has an absolute, indefeasible title to it; further, that she has an indefeasible interest in the remainder of the real estate bequeathed in item 2 of the will to her mother; she also alleges that item 5 of the will is illegibly written, and that it is not clear whether the word which seems to be " having," followed by the word " leaving " in parenthesis in item 5, should be read " having " or " leaving." Petitioner prays for a construction of the will, and that it be construed in accordance with her contentions, and for an accounting by the executrix. Mrs. Belle Moore Burch, J. E. Moore, and Mrs. Mary E. Moore as executrix of Edward Moore, deceased, were made defendants. Mrs. Mary E. Moore, as executrix, filed an answer admitting that she was not certain as

to the legal construction to be given the provisions of the will, and joined in the prayer that the will be construed by the court, and that directions be given her as to the carrying out of the will. J. E. Moore demurred generally to the petition as a whole, and to each and every paragraph thereof; and also demurred specially to certain parts of the petition. The court overruled the demurrers, and the demurrant excepted.

1. The court properly overruled the general demurrer and retained the petition for the purpose of construing the will and giving directions, as prayed by petitioner and the executrix. But it is not intended by this to rule that the contentions made by petitioner as to the construction of the will are well founded. The demurrer is to be treated as one raising the question as to whether the petition presents a case for construction of the will; and we go no further in disposing of the general demurrer than to rule that it does. And this court will not now enter upon a consideration of the proper construction of the will and of the character of the estate left to petitioner. That is a question that is presented to the court below by the petition, and it is a question that the court below has not yet ruled upon. When the court below has construed the will and given directions, then the parties at interest may challenge the correctness of the conclusions reached by the trial court and have the judgment of that court reviewed here.

Numerous grounds of special demurrer were filed. In a large number of these certain allegations in the pleadings of the petitioners are challenged upon the ground that they are mere conclusions of the pleader. This ground of the demurrer is without merit. These so-called conclusions of the pleader are a statement of the petitioner's contention as to her rights in and title to the property in controversy, and are in the main essential to an orderly setting forth of the material contentions. While conclusions should not be pleaded in the guise of facts, nevertheless it rarely happens that a plaintiff or petitioner in a suit brought can set forth his claim and demand, in a way clearly to be apprehended by the court, without stating in connection with the facts alleged the contentions of the pleader with respect to his or her rights as shown by the facts. And these contentions thus stated in one sense are but conclusions of the pleader. We rarely see a complaint or petition filed at law or in equity, or an indictment or true-bill, which does

not contain conclusions of the pleader. Sometimes these conclusions may be very objectionable, and as a rule should not be pleaded, and when objectionable should be stricken upon proper demurrer.

2. Other questions raised by the demurrer are as to the sufficiency of the description of the property in the will. A more particular description of the property was not essential to a determination of the rights of the demurrant.

3. Paragraph 14 of the petition reads as follows: "Your petitioner further alleges that the executrix of said estate, your petitioner's mother, is actuated by the best motives in taking the position that she does, and looks to the court for direction as to the proper construction to be put upon said will, being anxious not only to protect the interests of your petitioner so far as practicable in the premises, but to carry out and obey whatever construction the court may place thereon and whatever direction the court may give her in the premises." This is demurred to on the ground that the entire paragraph is irrelevant. And we agree with the demurrant in this, and that paragraph should be stricken. But we do not reverse the case for the reason that the court should have stricken this paragraph and refused to do so, because the allegations therein are of no materiality. Such a paragraph was no doubt inserted at the instance of the petitioner to guard against criticism that might be directed against the executrix, and showed a desire that would be commendable anywhere except in pleading.

4. Paragraphs 15 and 16 of the petition are as follows: (15) "Your petitioner shows that it is the contention of one of the parties [J. E. Moore] mentioned in item five, as well as in item two, of said last will and testament, that your petitioner's title to the realty and personalty devised under item four is merely a base or qualified fee and subject to defeasance by her death, at any time prior to his death, without heirs of petitioner's body then living; and further claims that with respect to the remainder interest devised petitioner under item two of said last will, that, if petitioner should die before he dies, he and his sister mentioned in said item would take a vested remainder interest in said property described in item two of said will." (16) "Your petitioner says that the attitude of said party has been such as to cause a cloud to be put upon petitioner's title and to interfere with and obstruct the right

your petitioner has, under said will, to alien and convey said property as her own absolutely, and to compel petitioner, should she proceed at law, to a multiplicity of actions in order to protect her interests in said property." The demurrer criticises paragraph 16, on the ground that it does not state of what the defendant's attitude consists. But when paragraph 16 is read in connection with paragraph 15, it will sufficiently appear that petitioner is setting forth a valid ground for invoking the court's jurisdiction, and for direction.          *Judgment affirmed. All the Justices concur.*